UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| QUACHELLE COPELAND, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-61 |
| § | |
| CENTERPOINT ENERGY, INC., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Quachelle Copeland filed this lawsuit on February 27, 2017. Her live pleading alleges that she was injured while at work in café that is located in a building owned by Defendant Centerpoint Energy Properties, Inc. The building is located at 1111 Louisiana Street in Downtown Houston. Although it appears from her complaint that she worked in Houston in 2016, Copeland alleges that she "resides in Denver, Colorado."

Copeland alleges that she was seated in a chair that collapsed without warning, and she was injured. She also alleges that it was Defendant's responsibility to maintain the chairs. After her accident, Copeland was taken to St. Joseph's Medical Center in Houston and thereafter sought treatment from Nova Medical Centers, and Concentra Medical Center.

Centerpoint Energy Properties has now filed a motion to transfer this case to the United States District Court for the Southern District of Texas, Houston Division. Dkt. 19. Centerpoint Energy Properties alleges that transfer of this case is warranted because

Houston is a clearly more convenient venue under 28 U.S.C. § 1404(a). Copeland is opposed to the transfer.

To support its motion, Centerpoint Energy Properties contends that neither it nor Plaintiff have any real connection to the Galveston Division, it does not own property within the Galveston Division or conduct business within this Division, the building at issue is located within the Houston Division, Centerpoint Energy Properties' own witness resides and works in Houston, and relevant nonparty fact witnesses in the case work in downtown Houston, within the Houston Division (Marjorie Clark, employed by the Building's management company; Curtis Hensley, a security guard, and Sergeant Jaime Cortez with the Houston Police Department). Centerpoint Energy Properties also points out that all of Copeland's medical treatment has occurred within the Houston Division, either in Downtown Houston, Central Houston, or on the far north or far west sides of Houston. Finally, Centerpoint Energy Properties points out that even the chair itself it being stored "in a secure location" in the Building in downtown Houston.

Although she is opposed to the motion, Copeland does not advance any particular reason for why she filed this case in the Galveston Division. Instead, she argues that Centerpoint Energy Properties has not carried its burden of showing that the Houston Division is "clearly more convenient" than the Galveston Division. Essentially, she contends that it probably would not be that difficult for the non-party witnesses to come to Galveston for trial. But she does not object to the affidavits submitted by Centerpoint Energy Properties, nor does she offer any evidence of her own.

A docket control order has been entered in this case, and a jury trial is set for November 2018.

## STANDARD FOR CONVENIENCE TRANSFERS

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under § 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id*.

A threshold question for a district court considering a motion to transfer venue under 28 U.S.C. 1404(a) is whether the suit could have been filed in movant's desired transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H–13–1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). The Southern District of Texas is the proper venue for this dispute, and Plaintiff does not dispute that the case could have been brought within the Houston Division.

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. §1404(a) by weighing a number of private and public interest factors. *In re Volkswagen Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. No one single factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co*., 258 F.3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

## ANALYSIS

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

As to the relative ease of access to sources of proof, the Court finds it significant that this is a premises liability suit relating to a building located in downtown Houston area, less than 1/3 of a mile from the Houston Division's Courthouse. The location of the

building is not only the place of alleged injury, and the place where the Building's operation and maintenance records are located, and the place where the offending chair is stored, but it was also the place of employment for Copeland herself, and is the current place of employment for several non-party key fact witnesses. It is therefore highly relevant to considering both the relative ease of access to sources of proof as well as "other practical problems" in this premises liability suit.

Centerpoint Energy Properties provides affidavit evidence from the listed non-party fact witnesses to show that "it would be less convenient and more burdensome" for them to attend trial in Galveston Division than in the Houston Division, and explaining the importance of their first-hand testimony in this personal injury, premises liability lawsuit.

Of the private interest factors, the Court finds that, on the evidence and arguments presented, both the cost of attendance for willing witnesses as well as the relative ease of access to sources of proof weigh in favor of transfer to Houston. The remaining factors are neutral.

Next, the Court considers the public interest concerns, including the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. In this premises liability case, the Court finds the local interest factor weighs in favor of transfer to Houston and all other factors are neutral.

After full consideration of the motion, the briefing in response, and the record of this case as a whole, the Court finds that Centerpoint Energy Properties has carried its burden of showing that transfer of this case to Houston would be clearly more convenient.

Notably, Copeland does not offer any of her own evidence to refute the evidence provided by Centerpoint Energy Properties. Of course, Copeland is correct as a matter of law that the burden here remains with Centerpoint Energy Properties. But, on the record before it, the Court finds that Centerpoint Energy Properties has carried that burden.

Accordingly, Centerpoint Energy Properties' motion to transfer venue (Dkt. 19) is **GRANTED**.

**This case is hereby transferred to the United States District Court for the Southern District of Texas, Houston Division.**

SIGNED at Galveston, Texas, this 27th day of September, 2017.

_____
George C. Hanks Jr.
United States District Judge